IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00276-FDW
(CRIMINAL CASE NO. 3:19-cr-00382-FDW-DSC-1)

| | |
|---|---|
| TAJUN MONTRE TATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 3].

I. BACKGROUND

On September 3, 2019, Tajuan Montre Tate ("Petitioner") sold 111 grams of methamphetamine from an apartment in Gaston County, North Carolina, as part of a controlled purchase by law enforcement. [CR Doc. 28 at ¶ 12: Presentence Investigation Report (PSR)]. Officers obtained a search warrant for Petitioner's apartment. [Id. at ¶ 13]. Nine days after the first purchase, officers arranged another controlled buy of methamphetamine from Tate. [Id. at ¶ 14]. When uniformed officers saw Petitioner exit the apartment, they approached him. [Id.]. Petitioner fled on foot, tossing two bags of methamphetamine before he was taken into custody. [Id.]. The methamphetamine weighed 167 grams. [Id.]. Officers found 435 grams of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-cv-00276-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:19-cr-00382-FDW-DSC-1.

methamphetamine and $24,765 in cash at the time apartment. [Id.]. After waiving his Miranda rights, Petitioner admitted to possessing the methamphetamine and drug proceeds that officers had seized and admitted to trafficking at least seven kilograms of methamphetamine. [Id. at ¶ 15].

Petitioner waived indictment and was charged in a Bill of Information on December 18, 2019, with one count of drug trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Two). [CR Doc. 1: Bill of Information; CR Doc. 19: Waiver of Indictment]. On December 18, 2019, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to both counts in exchange for charging concessions by the Government. [CR Doc. 3 at ¶¶ 1-2: Plea Agreement]. The parties agreed to recommend that the Court find that the amount of methamphetamine reasonably foreseeable to Petitioner was over five kilograms, but less than 15 kilograms. [Id. at 8(a)]. Petitioner agreed to waive the right to contest his conviction and sentence on direct appeal, or in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 16-17]. The magistrate judge conducted a Rule 11 plea hearing and accepted Petitioner's guilty plea, finding in knowingly and voluntarily made. [CR Doc. 20 at 4: Acceptance and Entry of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a PSR. [CR Doc. 28]. The probation officer recommended a base offense level of 34 based on the plea agreement's recommended drug quantity [Id. at ¶ 21; see CR Doc. 3 at ¶ 8(a)] and a two-level sentencing enhancement for maintaining a premises for manufacturing and distributing a controlled substance [Id. at ¶ 22]. After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 33. [Id. at ¶¶ 28-30]. Petitioner's criminal history category was IV, which, together

with his total offense level, yielded a guidelines range of 188 to 235 months' imprisonment. [Id. at ¶¶ 49, 89]. The Court varied below the guidelines range and sentenced Petitioner to a term of imprisonment of 164 months. [CR Doc. 34: Judgment; CR Doc. 35 at 3: Statement of Reasons]. Judgment on Petitioner's conviction was entered on November 23, 2020. [Id.]. Petitioner did not file a direct appeal.

On May 4, 2023, Petitioner filed the pending motion to vacate. [CV Doc. 1; see id. at 12]. As grounds for relief, Petitioner argues that he received ineffective assistance of counsel relative to sentencing because his attorney failed to object to the drug amount or to the two-level drug premises enhancement. [CV Doc. 1-1 at 6-13]. Petitioner also argues that he received ineffective assistance of counsel on appeal because, "as supported by the included declaration,[2] [Petitioner] repeatedly requested his Counsel file an appeal both verbally and in writing" and "[c]ounsel informed [Petitioner] he would file an appeal but failed to do so." [Id. at 13-14]. Petitioner claims that "[d]irectly after [his] sentencing, he instructed defense Counsel both verbally and via emails to: (1) File a notice of appeal; and (2) file a direct appeal." [Id. at 2]. Petitioner claims that he asked his attorney "to appeal the calculation of the drug amount and the enhancement pertaining to maintaining a premise." [Id.].

Petitioner contends that he "diligently pursued his rights but was intentionally mislead by Counsel that an appeal was pending." [Id. at 14]. Petitioner claims in his motion that he "recently discovered" that counsel did not file an appeal. [Id. at 2]. The Government moved to dismiss Petitioner's motion as barred by AEDPA's one-year limitations period and argued that equitable tolling should not apply. [CV Doc. 3]. In response, Petitioner asserts that he "diligently wrote the Appeal Court … and Counsel, and had his family contact the Attorney." [CV Doc. 5 at 4].

---

[2] No declaration was filed with Petitioner's motion to vacate or otherwise in this matter.

3

Petitioner includes with his response copies of two letters that he directed to the Clerk of this Court, which were marked as received on March 7, 2022, in which he wrote "concerning his appeal" and requesting a copy of the docket sheet for his criminal case, respectively. [See Doc. 5-1 at 4-5]. Petitioner also included a copy of a letter to his attorney, dated November 23, 2020, seven days after his sentencing, in which he states, "id like to ask you to file an appeal on my behalf you said i had two weeks so id like to do so." [Id. at 7 (errors uncorrected)]. Petitioner requests an evidentiary hearing if the Government disputes that Petitioner relied on counsel and that counsel intentionally mislead the Petitioner. [Id. at 4].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

4

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on November 23, 2020, and Petitioner did not appeal. [CR Doc. 34]. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) fourteen days after judgment was entered, on December 7, 2020. See Fed. R. App. P. 4(b)(1)(A). Petitioner did not file his § 2255 motion to vacate, however, until two and a half years later, on May 4, 2023. [See CV Doc. 1 at 12]. As such, Petitioner's motion is time barred, unless equitable tolling applies.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246). The actions of a client's attorney are attributable to the client, and thus, do not present "circumstances external to

5

the party's own conduct." Rouse, 339 F.3d at 249 (citation omitted). Ineffective assistance of counsel, however, is not attributable to a petitioner where he has a constitutional right to counsel. Id. at 248-49; Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000).

Petitioner here contends that he failed to file his § 2255 motion until now because he only "recently discovered" that his attorney did not file an appeal, despite Petitioner's instructions for him to do so. Petitioner makes numerous unsupported and contradicting claims in his motion. He claims that he told his attorney "directly" after he was sentenced and in emails thereafter to file an appeal. He provides no proof of such emails, but rather produces a handwritten letter to counsel dated on November 23, 2020, asking his attorney – apparently for the first time – to file an appeal. Petitioner vaguely claims that his attorney "intentionally misled" him that an appeal was pending, but he provides no details of how he was misled. Petitioner includes copies of letters he wrote to the Clerk of this Court asking for information on his appeal that were stamped received on March 7, 2022. Petitioner took no action between that date and May 2023 when he finally filed the pending motion to vacate. Petitioner vaguely claims that he wrote the Court of Appeals for the Fourth Circuit and that Petitioner's family contacted his attorney, but he provides no evidence or details of either. Finally, Petitioner claims he only recently discovered that his appeal was not filed, but he provides no details regarding how or when he made such discovery.

Even if Petitioner's allegations are true, he has failed to show an "extraordinary circumstance" that prevented him from filing on time. See Sosa, 364 F.3d at 512. Petitioner could and should have discovered his attorney's alleged failure to file an appeal before the one-year limitations period ended and certainly well before he filed his § 2255 motion to vacate in May 2023. Wiley v. United States, 2011 WL 737063, at *2 (W.D.N.C. 2011) (holding that petitioner, had he exercised reasonable diligence, would have discovered that his counsel failed to file an

appeal well before the expiration of the statutory period); see Garcia v. United States, No. 5:18-cv-70, 2018 WL 3069180, at *2 (W.D.N.C. June 21, 2018) (holding prisoner did not establish extraordinary circumstances or due diligence where he did not allege when he tried to contact counsel, what efforts he took to determine whether an appeal had been filed, the date he discovered counsel had not filed a notice of appeal, or how counsel prevented him from filing a timely § 2255 motion).

Petitioner has also failed to show that he diligently pursued his rights. See Holland, 560 U.S. at 649. Whether an appeal has been filed is publicly available information. Other than a single inquiry received by this Court in March 2022 after the expiration of the AEDPA limitations period, Petitioner fails to show any efforts taken to determine whether an appeal had been filed after his sentencing in 2020. He also fails to explain when or how he discovered that no appeal had been filed. Furthermore, Petitioner has not shown that "gross injustice" would result if the Court denies his request for equitable tolling. See Harris, 209 F.3d at 330. That is, even if Petitioner's motion to vacate were not time-barred, neither the grounds for relief in the motion to vacate nor the grounds he alleges that he asked his attorney to pursue on appeal would have entitled him to relief.

For these reasons, Petitioner is not entitled to equitable tolling of the limitations period and the Court will grant the Government's motion to dismiss.

**IV. CONCLUSION**

Having concluded that Petitioner's motion to vacate is untimely under § 2255(f)(1) and that equitable tolling does not apply, the Court will grant the Government's motion to dismiss.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED,** and the Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to mail Plaintiff a copy of the docket sheet in this matter and the 8/29/2023 Text Order if not yet done at the time of entry of this Order.

**IT IS SO ORDERED**.

Signed: September 11, 2023

_____
Frank D. Whitney
United States District Judge